IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Robert T. Davis, | ) | CASE NO. 1:16 CV 2174 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| Cleveland Police Officers, *et al.*, | ) | **AND ORDER** |
| | ) | |
| | ) | |
| Defendants. | ) | |

### Introduction

*Pro se* plaintiff Robert T. Davis has filed this *in forma pauperis* civil rights action under 42 U.S.C. §1983 against Cleveland Police Officers Kenneth F. Kirk, Philmore Evans, and Chris Allen, and Norfolk Southern Railroad Police Officers James Kirk and Joseph Hergenroeder. The plaintiff is a state prisoner incarcerated in the Belmont Correctional Institution, having plead guilty in a criminal case in the Cuyahoga County Court of Common Pleas to breaking and entering and felonious assault on a police officer in connection with events that took place on August 27, 2014. *See State v. Davis*, CR-14-589009-A, Cuyahoga County Court of Common Pleas. The criminal case was brought against the plaintiff after defendant police officers reported that they apprehended the plaintiff breaking and entering, and removing items from a container on a Norfolk Southern Railroad car located in Cleveland in the area of Broadway and Harvard Avenues. The officers further reported

that when he was apprehended, the plaintiff resisted arrest and assaulted police officers.

In his complaint, the plaintiff alleges that the defendant police officers violated his rights in connection with the incident and in pursuing the criminal charges against him. He alleges the charges against him were fabricated, that he was merely walking to his place of employment on the day in question using a well-known path that crossed the railroad tracks, and that he was assaulted and subjected to excessive force by police officers during the incident.

Pursuant to §1983, the plaintiff seeks compensatory and punitive damages against the defendants, a declaration that they violated his constitutional rights, and an injunction ordering them to apologize to him publicly.

**Analysis**

Although *pro se* complaints are construed liberally and held to less stringent standards than formal pleadings drafted by lawyers, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), federal district courts are required to screen and dismiss before service any *in forma pauperis* action, and any action in which a prisoner seeks redress against a government official or employee, that the court determines is frivolous or malicious, fails to state a claim on which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§1915(e)(2)(B) and 1915A; *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). To survive a dismissal for failure to state a claim, a *pro se* complaint must contain factual matter, accepted as true, sufficient to state claim to relief that is plausible on its face. *Hill*, 630 F.3d at 471 (holding that the dismissal standards articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) govern dismissals for failure to state a claim under 28 U.S.C. §§1915(e)(2)(B) and 1915A).

Upon review, the Court finds the plaintiff's action must be dismissed for failure to state a

claim. In *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994), the Supreme Court held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, *or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid*, a §1983 plaintiff must prove that the conviction or sentence has been [overturned]." *Edwards v. Balisok*, 520 U.S. 641, 646 (1997) (emphasis in original). In *Heck*, the Supreme Court held that a state prisoner cannot make out a cognizable claim under §1983 for an allegedly unconstitutional conviction or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid" unless the prisoner shows that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486–87 (footnote omitted). The holding in *Heck* has been extended to actions seeking injunctive or declaratory relief. *See Edwards*, 520 U.S. at 646–48 (declaratory relief); *Clarke v. Stalder*, 154 F.3d 186, 189–90 (5th Cir.1998) (claim for injunctive relief intertwined with request for damages); *Wilson v. Kinkela*, No. 97–4035, 1998 WL 246401, at *1 (6th Cir. May 5, 1998) (injunctive relief).

The plaintiff's claims regarding the conduct of the defendant police officers, if successful, would necessarily call into question the validity of his criminal convictions for breaking and entering and assault. Therefore, under *Heck*, his action is barred if he has not demonstrated that his convictions have already been invalidated in one of the ways articulated in *Heck*. The plaintiff has not demonstrated that his convictions have been so invalidated. Therefore, his action must be dismissed for failure to state a claim. *See Hunt v. Michigan*, 482 F. App'x 20, 22 (6th Cir. 2012) (a claim barred by *Heck* is properly dismissed for failure to state a claim); *Morris v. Cason*, 102 F. App'x 902, 903 (6th Cir. 2004) (same).

## Conclusion

In accordance with the foregoing, this action is dismissed pursuant to 28 U.S.C. §§1915(e)(2)(B) and 1915A. The plaintiff's motion for appointment of counsel (Doc. No. 3) is denied. In addition, the Court certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

*Donald C. Nugent* 12/13/16
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE