UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT T. DAVIS, | ) | CASE NO. 1:16-cv-2174 |
| | ) | |
| Petitioner, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | |
| KENNETH KIRK, | ) | |
| | ) | ORDER ADOPTING |
| Respondent. | ) | REPORT AND |
| | ) | RECOMMENDATION |

This matter comes before the Court upon the Report and Recommendation of Magistrate Judge Jonathan D. Greenberg. (ECF #71). The Report and Recommendation, issued on July 25, 2019 is hereby ADOPTED by the Court.

Plaintiff's Motion to Stay Proceeding and Reconsideration of Counsel (ECF #61), for Leave to Amend the Complaint (ECF #64, 70), Motion for Judgment on the Pleadings (ECF #65), Motions for Appointment of Counsel (ECF #63-1), and Motion for the Court to Rule on Initial Disclosures and Place All Motions Under Seal (ECF #66) is DENIED.

Defendants' Motion to Strike Plaintiff's Motion for Judgment on the Pleadings (ECF #69) is DENIED AS MOOT.

Defendants' Motion for Summary Judgment (ECF# 58) is GRANTED.

**Procedural History**

On August 29, 2016, Plaintiff Robert Davis ("Plaintiff" or "Davis"), acting *pro se*, filed a

complaint in this Court against Defendant City of Cleveland Police Officers Kenneth F. Kirk, Philmore Evans, and Chris Allen; and Norfolk Southern Railroad Police Officers James Kirk and Joseph Hergenroeder. (ECF #1).[1] Mr. Davis alleged violations of his civil rights stemming from his arrest on August 27, 2014, and resulting injuries.

This matter was originally dismissed in December 2016. Mr. Davis appealed the decision. The Sixth Circuit Court of Appeals vacated the dismissal of Mr. Davis' excessive use of force claim against Kenneth Kirk. The claims against other defendants, including James Kirk, in the original complaint were dismissed. In order to make this proceeding more efficient, the Court appointed an attorney, Mr. Edward Icove, as Plaintiff's pro bono representation. (ECF #71). However, starting in January 2019 and continuing until March 2019, Plaintiff sent multiple *pro se* filings to the Court. *(Id.)*. Mr. Icove counseled his client to cease filing any *pro se* motions, but the Plaintiff refused to comply with the request and Mr. Icove subsequently withdrew as counsel. *(Id.)*.

In April 2019, Defendant Kenneth Kirk filed a Motion for Summary Judgment. (ECF #58).

On May 10, 2019, Plaintiff, filed a *pro se* Motion to Stay Proceedings, a Motion for Reconsideration of Counsel, and a "Motion in Opposition" to Defendant's Motion for Summary Judgement. (ECF #61, 62).

On June 25, 2019, Plaintiff filed four motions (1) Motion for Appointment of Counsel, (2), Motion for Leave to Amend Complaint, (3) Motion for Judgment on the Pleadings, and (4) a document captioned "Request Court Rule on Initial Disclosures & All of Plaintiff's Motion

---

[1]Two officers with the last name "Kirk" were involved in Mr. Davis' August 27, 2014 arrest and named as Defendants. James Kirk is a police officer for the Norfolk Southern Railroad Company. Kenneth Kirk is a Cleveland Police Officer. James Kirk testified that he and Kenneth Kirk are not related. *See* ECF #58-11, J. Kirk Depo. at Tr. 5.

Placed Under Seal. Motion for Discovery Abuse." (ECF #63-1, 64, 65, 66).

On July 5, 2019, Defendant filed briefs in opposition to Mr. Davis' Motion for Appointment of Counsel and Motion for Leave to Amend in addition to filing a Motion to Strike Mr. Davis' Motion for Judgment on the Pleadings. (ECF #67, 68, 69).

On July 22, 2019, Mr. Davis filed another Motion for Leave to Amend the Complaint. (ECF #70).

## Facts

Plaintiff and Defendant have different versions of what transpired on August 27, 2014 which resulted in Plaintiff's arrest. It is from this event that this litigations arises.

On August 27, 2014 Norfolk Southern Police Officers Hergenroeder and James Kirk were reloading merchandise back into a cargo container after an earlier attempted theft. (ECF #71). They decided to patrol the area to see if any other containers were open. *(Id.)*. At the front of the train they noticed a person unloading merchandise. *(Id.)*. Norfolk Officer James Kirk shouted "Stop! Police!" and proceeded to pursue the individual, later identified as Mr. Davis. *(Id.)*. This lead to a brief wrestling match between Norfolk Officer James Kirk and Mr. Davis, but ended abruptly when Norfolk Officer James Kirk and Mr. Davis went over the side of the bridge, with Mr. Davis landing partially on Norfolk Officer James Kirk. *(Id.)*.

When Norfolk Officer Hergenroeder caught up to them, he found Mr. Davis standing over Officer J. Kirk's body and "in the process of attempting to remove J. Kirk's gun from his holster." (Hergenroeder Depo. at Tr. 14-15). Officer Hergenroeder identified himself, told Mr. Davis to stop, and when Mr. Davis failed to comply, the two engaged in a struggle "rolling around on the ground" while the officer attempted to handcuff and arrest Mr. Davis. *(Id.* at 14-16). Eventually Officer Hergenroeder handcuffed, arrested and Mirandized Mr. Davis. ( *Id.* at

3

17-21). Subsequently, Officer Hergenroeder phoned 911 for Officer J. Kirk. (*Id.* at 18, 35). Other officers, including Cleveland Police Officer Kenneth Kirk, Cleveland Fire and Cleveland EMS eventually arrived on scene. (*Id.*). According to this version of the facts, Kenneth Kirk arrived well after Mr. Davis was arrested. (*Id.*).

According to Mr. Davis, however: Mr. Davis was walking through the area in question when three officers appeared behind him, one wearing a blue uniform and two wearing a gray uniform. (ECF #58-59, Mr. Davis Depo. at 82-84). One of the officers, whom Mr. Davis believes to be Officer J. Kirk, was bleeding from the left side of his head. (*Id.*). Then, Mr. Davis claims he was struck in the back of the head, but he could not identify who exactly struck him. (*Id.* at 118-119). Following the hit to the head, Mr. Davis was dazed, wobbly, and almost struck by the arriving ambulance. (*Id.* at 120). To avoid the paramedics, Mr. Davis ran and collided with a concrete wall, scrapped his elbow and landed on the ground. (*Id.* at 124-127). Next, Mr. Davis claims someone jumped on his back and handcuffed him. (*Id.*).

It is undisputed that paramedics arrived at the scene and transported Mr. Davis to the hospital. (ECF #71). Paramedic Brendan McCool testified that, when he arrived at the scene, Mr. Davis was found walking with Cleveland Police Officers in handcuffs. (ECF #58-7, McCool Depo. at Tr. 16). Mr. Davis had abrasions to his head, nose and face, but minimal blood loss. (*Id.* at Tr. 13-14). Mr. Davis did not complain of head, neck or back pain. (*Id.* at Tr. 16). However, because McCool had received a report that Mr. Davis had fallen 10-to-15 feet, he immobilized Mr. Davis with a backboard, C-collar, and head blocks due to concerns of potential traumatic injury. (*Id.* at Tr. 17-18, 25).

Mr. Davis testified that he was taken into the intesive care unit, where he claims he was treated for blood pooling in his brain and a broken back. (ECF #58-9 at Tr. 135). He was in the

4

hospital until August 29, 2019, after which he was taken into police custody. (*Id.* at Tr. 139-140). However, Mr. Davis failed to produce hospital records to support this claim.

## Standard of Review for a Magistrate Judge's Report and Recommendations

The applicable standard of review of a magistrate judge's report and recommendation depends upon whether objections were made to that report. When objections are made to a report and recommendation of a magistrate judge, the district court reviews the case *de novo*. FED. R. CIV. P. 72(b) states:

> The district judge must determine *de novo* any part of the magistrate judge's dispositions that has been properly objected to. The district judge may accept, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

However, "when no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's notes (citations omitted).

The U.S. Supreme Court stated: "It does not appear that Congress intended to require district court review of magistrate judge's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to these findings." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Here, neither party objected to the magistrate judge's Report and Recommendation. Accordingly, this Court reviews the Report and Recommendation for a finding of clear error on the face of the record.

## Discussion

The Court has carefully reviewed the Report and Recommendation and subsequent objections. This Court agrees with the findings set forth in the Report and Recommendation. The Court finds Magistrate Judge Jonathan Greenberg's Report and Recommendation to be thorough,

5

well-written, well-supported, and correct. After careful evaluation of the record and having found no clear error, the Court ADOPTS the Report and Recommendation in its entirety.

After careful review of the Plaintiff's objection to the Magistrate's Report and Recommendation, this Court finds that the objection failed to provide sufficient record evidence to create a genuine issue of material fact. The Court finds that Plaintiff failed to offer sufficient evidence to create a genuine issue of material fact that Defendant Kenneth Kirk either (1) personally engaged in unconstitutional conduct; or (2) witnessed unconstitutional conduct and failed to prevent it. Further, the court finds that Plaintiff's objections raise no arguments (factual or legal) that have not been fully addressed by the Magistrate Judge's Report and Recommendations.

Plaintiff's (1) Motion to Stay (ECF #61), (2) Motion for Leave to Amend the Complaint (ECF #64, 70), (3) Motion for Judgment on the Pleadings (ECF #65), (4) Motions for Appointment of Counsel (ECF #63-1), and (5) Motion for the Court to Rule on Initial Disclosures and Place All Motions Under Seal (ECF #66) is therefore DENIED.

Defendants' Motion to Strike Plaintiff's Motion for Judgment on the Pleadings (ECF #69) is DENIED AS MOOT.

Defendants' Motion for Summary Judgment (ECF# 58) is GRANTED.

IT IS SO ORDERED.

_____
DONALD C. NUGENT
United States District Judge

DATED: September 18, 2019